# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION


ANTONIO G. FORBES,

      Petitioner,

-vs-                                    Case No. 8:08-CV-1687-T-27MAP

SECRETARY, DEPARTMENT OF
CORRECTIONS,

      Respondent.

_____/

## ORDER

Petitioner petitions for the writ of habeas corpus pursuant to Title 28 U.S.C. § 2254 (Dkt. 6).

Petitioner challenges his convictions for attempted second-degree murder with a firearm, attempted robbery

with a firearm, and possession of cannabis with intent to sell or deliver entered in 2004 by the Thirteenth

Judicial Circuit, Hillsborough County, Florida (Dkt. 11, Ex. 2). Respondent filed a response incorporating

a motion to dismiss the petition as time-barred (Dkt. 10). Petitioner did not file a reply to the response.

**Analysis**

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions

for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply

to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The limitation period shall run from the latest of ... the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §

2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction

or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted

toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's convictions became final on August 18, 2005, upon expiration of the ninety day period for seeking certiorari review of the appellate court's May 20, 2005 opinion affirming his convictions (Dkt. 11, Ex. 3); *Forbes v. State*, 905 So. 2d 131 (Fla. 2d DCA 2005)[table]. *See Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002)(one-year limitations period for Florida prisoner's federal habeas petition started to run when time expired for filing petition for certiorari from state high court's denial of discretionary review). *See also Clay v. United States*, 537 U.S. 522, 527 (2003)(The 90 days allowed for filing a petition for writ of certiorari begins on the date the appellate court issues its opinion on direct appeal, not from the date the appellate court issues its mandate). Therefore, Petitioner's one-year statute of limitations for filing his federal habeas petition expired on August 18, 2006, absent tolling pursuant to 28 U.S.C. § 2244(d)(2).

Petitioner timely filed a motion for postconviction relief pursuant to Florida Rules of Criminal Procedure, Rule 3.850 on January 23, 2006, after 156 days had elapsed in the one-year limitations period (Dkt. 11, Ex. 4). The one-year period was tolled until the postconviction proceeding became final, on December 17, 2007, when the state district court of appeal issued the mandate in the postconviction appeal (Dkt. 11, Ex. 11); *Forbes v. State*, 969 So. 2d 379 (Fla. 2d DCA 2007)[table]. Thereafter, 249 additional days passed until Petitioner filed his federal petition on August 25, 2008 (See Dkt. 1 at pg. 1). Cumulatively, the number of days during which no collateral proceeding was pending was 405 days (156 + 249 = 405), or forty days beyond expiration of the one-year limitations period. Accordingly, the federal petition is untimely.

The Eleventh Circuit has held that section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000)(quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). *See also Helton v. Sec. for the Dep't of Corr.*, 259 F.3d 1310, 1314-15 (11th

Cir. 2001). Petitioner has not, however, alleged nor shown that there were any extraordinary circumstances that were both beyond his control and unavoidable with diligence, and therefore he is not entitled to equitable tolling.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's petition for writ of habeas corpus is **DENIED as time-barred**.

2. The **Clerk** is directed to enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE and ORDERED** in Tampa, Florida, on _August 3rd_, 2009.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy to: Petitioner *pro se*
    Counsel of Record